UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. TYLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17-cv-00545-WTL-MJD |
| JOE KIELUR Dr., Mass Ave. Chiropractic, UNNAMED EMPLOYEE, | ) ) ) ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff shall have **through January 12, 2018**, to pay the $400.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff claims in this complaint that he was injured by an employee of Mass Ave Chiropractic, a private business in Indianapolis. He sues Dr. Joe Kielur of that business and an unnamed employee. He also claims that the employee violated his First Amendment rights by calling him names.

The First Amendment claim is understood to have been brought under 42 U.S.C. § 1983. That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

The two key elements establishing a violation of § 1983 are (1) a deprivation of a federally guaranteed right, (2) perpetrated under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642, 646 -647 (7th Cir. 2004). For the individual defendants to act "under color of state law" for § 1983 purposes means to "misuse [ ] power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Burrell*, 378 F.3d at 649 (quoting *Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001). Because there is no allegation that would allow the Court to conclude that the unnamed employee acted under color of state law, the plaintiff cannot state a § 1983 claim based on these actions. The First Amendment claim is therefore **dismissed**.

The remaining claims are based on the plaintiff's allegations that he was injured by the individual defendant's negligence. But this Court has no jurisdiction to hear these claims. *Cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). The Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Id.* at 513 (internal footnote omitted). Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, aside from the First Amendment claim, which has been dismissed, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). In addition, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction. This ruling is not a determination of whether the plaintiff may be able to present his claim in another court.

The plaintiff shall have **through January 12, 2018,** in which to show cause why judgment consistent with this Entry should not enter.

**IT IS SO ORDERED.**

Date: 12/7/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER C. TYLER
930816
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only